Donald Eugene MILLS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15754.

Court of Criminal Appeals of Oklahoma.
Oct. 28, 1970.

1.  Harris v. State, Okl.Cr., 369 P.2d 187.

Otjen & Carter, Enid, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack Pratt, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Donald Eugene Mills, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Garfield County for the crime of Embezzlement After Former Conviction of a Felony. He was sentenced to serve five years imprisonment in the state penitentiary, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence adduced at the trial revealed that the defendant, an employee of Newman Mercantile Company in Enid, Oklahoma, delivered a refrigerator to Joyce Ciardullo, and was paid $400.00 on May 17, 1969. This payment was made in the form of three One-hundred dollar bills and a check for One-hundred dollars. The company bookkeeper, Mrs. Winifred Vincent, testified that she did not remember the defendant giving her the money and discovered it was missing. The manager reported the matter to the District Attorney's office and an investigation was commenced. The missing check was found some time later in an envelope stuck under a door of the company, by the defendant and another employee.

The defendant, after being advised of his constitutional rights by the Assistant District Attorney, agreed to take a polygraph examination. He was taken to the Oklahoma Bureau of Investigation in Oklahoma City by members of the District Attorney's office and advised of his constitutional rights, wherein he refused to sign a written waiver. He took the polygraph examination and was advised that he had flunked the test. He subsequently made a statement to two agents that he had put the money on the bookkeeper's desk and when he returned, found it still laying there; he put it in his pocket and walked out. The agents also testified as to where the defendant stated he had spent the money.

The defendant made a second purported confession to the Assistant District Attorney on the return trip to Enid. Testimony was offered by three additional witnesses to verify that he had paid accounts which the defendant had included in his oral statement.

The defendant testified that he had, in fact, been paid by the customer and that he put the money on the desk of the bookkeeper. He stated he agreed to take the polygraph examination because of threats by the Assistant District Attorney. He ad-

mitted making incriminating statements to the agents, but stated they were not true and were made as the easy way out of the situation.

This case· must be reversed for several errors committed by the trial court. It is our first observation that the Information charging the defendant would be sufficient to allege a crime under 21 O.S.1910, § 1454; however, the court instructed the jury under the provisions of 21 O.S.1910, § 1452. It is next observed that the defendant was tried under the habitual criminal statute when there was no evidence of this prior conviction presented at the preliminary hearing.

This Court has previously ruled on this question in the case of Carter v. State, Okl. Cr., 292 P.2d 435, in which we stated:

> "The question of the defendant's right to be informed in the magistrate's preliminary complaint that he must face the charge as a second and subsequent offender because of a prior conviction or convictions, is a matter of substance, not just form."

We have carefully reviewed the entire case made and there is some doubt in the minds of this Court as to the admissibility of the confession from the evidence presented. We would suggest to the trial court that a Jackson v. Denno hearing be conducted to determine the question of voluntariness of the confession.

This case presents an unfortunate situation, as the evidence of defendant's guilt appears clear; but regardless of the defendant's guilt and his prior conviction, he is entitled to the same fair trial as any other defendant. Under the situation here presented we cannot say this defendant has been afforded such treatment. Therefore, the judgment and sentence is hereby vacated, and the case is reversed and remanded for a new trial, in accord with the principles hereinbefore set forth.

BRETT, P. J., and NIX, J., concur.